PROVIDED TO HAMILTON C.I. ON
_RT 10/27/09_ FOR MAILING

FILED 2009 OCT 29 A 11:38

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

_Jacksonville_ Division

## CIVIL RIGHTS COMPLAINT FORM

CASE NUMBER: 3:09-cv-1010-HES-MCR

Ronald Barlay Thornton #315670
Hamilton Correctional Institution
10650 S.W. 46th Street
Jasper, Florida 32052

(Enter full name of each Plaintiff and prison number, if applicable)

3:09-cv-1069-J-34 HTS

v.

Officer Sheppard (Main Unit)

Officer Teddor (confinement)

Sgt. Vonslea Jefferson (Gravy Sgt.)

Asst. Warden Mr. Reuter (Newry Reuter)

Nurse James D. Bunting

Tom Bowden (Secretary of D.O.C.)

Nurse Krieken (L.P.N.)

Nurse Smith (L.P.N.)

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

Sued in their individual & official capacities

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Hamilton Correctional Institution
(Indicate the name and location)

10650 S.W. 46th Street Jasper, Florida 32052

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)                                  1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (✓) No ( )

       a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

       b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)     2

1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _27th_ day of _October_, 2 _009_.

/s/ Ronald Bazley Thornton
Signature of Plaintiff

DC 225 (Rev. 9/03)                    3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (✓) No ( )

> If your answer is YES, answer the following questions.
>
> A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )
>
> B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )
>
> C. If your answer is YES:
>
>> 1. What steps did you take? _Informal, Formal and Administrative for the Grievances of the Sensitive Nature_
>>
>> 2. What were the results? _Denied, Ordered to Resubmit, or Ordered to Submit at the Institutional Level According to Chapter 33-103_
>>
>> 3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.
>
> D. If your answer is NO, explain why not: _____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _27th_ day of _October_, 2_009_.

/s/ R.L.H. / Ronald Busby Thomas /
Signature of Plaintiff

IV. **PREVIOUS LAWSUITS:**

   A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
   Yes ( ) No (✓)

   B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
   Yes ( ) No (✓)

   C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): _____

      _____

      Defendant(s): _____

      _____

   2. Court (if federal court, name the district; if state court, name the county):

      _____

   3. Docket Number: _____

   4. Name of judge: _____

   5. Briefly describe the facts and basis of the lawsuit: _____

      _____

      _____

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

      _____

      _____

   7. Approximate filing date: _____

   8. Approximate disposition date: _____

   D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

V. **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: *Ronald Barley Thornton*

   Mailing address: *Hamilton Correctional Institution 10650 S.W. 46th Street Jasper, Florida 32052*

B. Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: *Mr. Henry Bredice (Assistant Warden), He is Sued in His Individual and Official Capacities*

   Mailing Address: *Hamilton Correctional Institution 10650 S.W. 46th Street Jasper, Florida 32052*

   Position: *Assistant Warden (Home Address unknown)*

   Employed at: *Hamilton Correctional Institution*

D. Defendant: *Officer Sheppard (First Name Unknown By Plaintiff)*

   Mailing Address: *(Home Address unknown by Plaintiff), S/e is Being Sued in Her Individual and Official Capacities*

   Position: *Correctional Officer (F-Dorm)*

   Employed at: *Hamilton Correctional Institution*

E. Defendant: Officer Tedder (First name unknown by Plaintiff)
Mailing Address: (unknown by Plaintiff), He is being sued in his individual and official capacities
Position: Correctional Officer (confinement)
Employed at: Hamilton Correctional Institution

F. Defendant: Nurse James D. Buntino (Buuer & Medi unit)
Mailing Address: (Home address is unknown by the Plaintiff), He is being sued in his individual and official capacities
Position: Nurse (RN)
Employed at: Hamilton Correctional Institution

G. Defendant: Sgt. Vensher Jefferson (Gang Sergeant)
Mailing Address: (Home address is unknown by the Plaintiff), He is being sued in his individual and official capacities
Position: Gang Sergeant (V.P. Supervisor on Date of 9/18)
Employed at: Hamilton Correctional Institution

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

3/10: James D. Bunton's Denial of Medical Needs, Shows An Hostile and Indifferent Attitude, Placing me in to Confinement for Requesting Medical Attention for Injured Shoulder (That Required Surgery), As Well As Deliberate Indifference... Violated The 8gth Amendment, When They Fail to Give The Necessary Medication After Surgery; Violation of the Clean Air Act Smoking in the Dorms (8gth Amendment); Seizure and Reading Legal Mail & Papers

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

Officer Shepard: On 8/15/09 I Filed An Informal Grievance About This Officers Illegal Activities with Other Inmates And Misconduct With Charges Harassment And Retaliation, But Also How She Allowed Inmates From Other Dorms to Search Through my Legal Papers and Mail... On the Grievance Sent Prior to That Date, I Complained of the Smoking in the Dorm which caused me to Develop Breathing Problems That Placed me On Two Asthma Nebulizers And Breathing Treatments..., which was told To An Inmate That Runs The Canteen Window (Michael Glover), that I Am The One Writing Grievances On Everyone With His Name Included,

**Statement of Facts, continued:**

Inmate Clover stopped me on the way from lunch one day, and questioned me about the grievances that I had been writing on his girlfriend (Officer Sheppard), and called me a "writ writer"... meaning a person that writes up officers... and then he stated... "That is cool as long as I don't put his name in them..." Then he stated to me of certain items missing from my locker, as I turned to him asking him did he have she been in my locker, and he stated that "he was given authorization by Officer Sheppard..." I began the grievance procedure on her, then I was approached by Capt. Baker who threatened to lock me up for directing a grievance to him, to be placing work on him to do when I asked to be removed from that dorm where the officer worked... Afterwards I had overheard rumors being circulated about my grievances were naming other inmates about the smoking in the dorms and other incidents of activities that I had not reported, and rumors of threats began to circulate throughout the campus. On 8/13 the harassment continued from Officer Sheppard, when my name appeared three times on the call-out list, and she refused to let me exit the dorm, ordering me with profanity to "sit down...", while my call-out for the Law Library was taken away from me by this officer, which could have caused a D.R. itself... and she stated to me "to get away from her window," while I was in need of a breathing treatment on 8/13, in which she forced me to sweep and dust causing my asthma to become severely aggravated, and upset my allergies to where I had to proceed for an emergency breathing treatment... that's when it was told to me that she is the Asst. Warden's niece.

The Complications of my Asthma Resulted Back to my Seizure at this time.... I was Diagnosed with an Upper Respiratory Infection, an Ear Infection, and Bronchitis which all were Due to the Inhalation of Second Hand Smoke (ETS), which has Left me with Severe (Chronic) Asthma. That Requires me to Take Breathing Treatments Twice Daily and Two Nebulizers (Albuterol and Q-Vare); Also Daily.

On the Date of Sept. 1. 2009.... I Approached the Officer on Duty (Officer Mosemont) For a Medical Emergency. For the Injury Complaints to my Shoulder in which I was Scheduled For Surgery.... In which I Had Been Experiencing Extreme Pain, Numbness, and a Loss of Grip. Due to the Injury. That Consist of a Torn Rotator Cuff, Torn Muscles and Ligaments that Had to Be Re-Attached.... After Arriving At Medical I was Told By Nurse Ketchen and Nurse Smith To Sit outside until called. They Didn't Take time to Examine my Arm or Notice the Swelling of my Arm, and I was made to Sit outside.... I sat outside For 3½ Hrs. In the Heat until Nurse Woods From K.M.C. Noticed me From Dr. Lord's Office (the Orthopaedic Specialist), and Asked How Long I Have Sitting Outside, and she Noticed me Clutching my Arm in Pain. She Immediately Took me in and Called Dr. Lord Informing him of the Treatment and the Neglect that I Received During my Medical Emergency Visit.... and the Failure of the staff To Conduct an Adequate Examination and Failure to ask Necessary questions, or Take a History...

On Sept. 4, 2009 Friday Morning I was called for Transfer to K.M.C. For Surgery Again After the Cancellation of the Sept. 1 Date.... After Packing my Property I Requested The Assistance of one of the Inmates that agreed to Assist me in Carrying my Property, she Refused and Stated "there is Nothing wrong with you.... Good-Bye..." I have Valid Medical Passes that States Dr's orders No Lifting over 10 Pounds..., while struggling carrying my Bags..... I Strained my Arm and it Began to Swell..., when I arrived to the Gate officer Gamble Informed me that my Transfer Has Been Rescheduled Again and That when Nurse Woods called Dr. Lord and he stated to her..." to make sure I am on the Next Bus, or Transfer out of Hamilton to K.M.C.... which was Rescheduled on Sept. 9, 2009.... After a short Recovery, I was Transferred Back to Hamilton on the 18th of Sept.... where I was Placed into Confinement As Soon As I Arrived.... Supposedly Refusing a Haircut. Then it was Changed to Disrespect Disobeying an order (Talking in the V.P.) on Sept. 21....By Sgt. Vonsier Jefferson while on the Date of Sept. 18.... The Assist. Warden Henry Breeze was there watching as I was thrown into Confinement For something that I Did Not Do.... That Night of Sept. 18, 2009.... Being Escorted to a cell with No Bedding (sheets, Blankets... etc.), For 12 Hours (3.5 Days) on the Night of my Arrival to Confinement.... Being That it was Friday, which is the Night they give showers.... I was Being Escorted Back to my cell By Officer Tedder (First Name Unknown By Plaintiff), Officer Tedder In the Process of Removing the Restraints Snatched and Pulled my Arm which was In the Sling. Causing my Arm to Swell along Excruciating Pain & Suffering.... Placing me in Emotional Distress, Mental Anguish, Anxiety, Fear, Fear of Economic Loss, Loss of Sleep and Depression...

On October 9, 2009 After Being Escorted To the Shower By Officer Tedder...., I was Involved in Falling out my Legal Paperwork Before the shower, so I Left All of my Paperwork Laying Meticulously. In order on the Bunk, and Officer Tedder Had Come Into the cell Throwing and Balling my Paperwork up.... Like the Room Had Been Disrupted By a Storm. The other Inmate's Bunk was Not Touched, But my Bunk was Flipped and my Papers Thrown About...

Page 9 Cont.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Wherefore, The Plaintiff Request That The Court grant The Following Relief: Issue A Declaratory Judgement Stating That: Defendant Officer Shepperd Violated By Showing Retaliation of Searching and Reading Through my Legal mail, Grievances and Paperwork, Which Clearly Violates The Eighth Amendment... Defendant Henry Axelze (Assist. Warden) Failed To Stop, or Take Action Against The Harassment, Retaliation, Physical Abuse, And Excessive Force of Prisoners Violated The Eighth Amendment

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _27th_ day of _October_, 2_009_.

/s/ _Ronald Thornton_

_____

_____

_____

(Signatures of all Plaintiffs)

Relief Requested:

3) Officer Tedder (Defendant)
Constituted an assault and battery under state law, which violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

4) Sgt. Vanshon Jefferson (Defendant)
Constructing and Falsifying charges for retaliation for grievances and complaints filed on the officers and staff.

5) Tom Bowden (Defendant)
Ignoring the severity of the complaints and knowledge of serious harm or death, placing my life in danger.

6) Nurse James D. Bunting (Defendant)
Failure to provide adequate medical care violated, and continued to violate the Plaintiff's rights. 3/10/09

7) Nurse Kitchen (Defendant)
Failure to provide adequate medical care violated, and continued to violate the Plaintiff's constitutional rights under the Eighth Amendment. 11/1 - 11/4/09

8) Nurse Smith (Defendant)
Failure to provide adequate medical care violated, and continued to violate the Plaintiff's rights under the Eighth Amendment.

(B) Issue an injunction ordering defendants Bunting, Kitchen, and Smith or their agents to:
1) Immediately arrange for the Plaintiff's physical therapy or other follow-ups on medical treatment to be evaluated by a medical practitioner and the expertise of rotator cuff replacement or surgery.
2) Carry out without delay the treatment directed by such medical practitioner.
3) To transfer me to a medical center for physical therapy treatment.

(C) Issue an injunction ordering defendant Tom Bowden to expunge the disciplinary convictions described in this complaint from the Plaintiff's institutional record.

(D) Award compensatory damages in the following amounts:
1) $100,000 jointly and severally against defendants Sheppard, Jefferson and Reedze for falsifying documents for retaliatory purposes.
2) $10,000 jointly and severally against defendants Tedder, Bunting, Jefferson for the punishment and emotional injury, resulting in physical abuse, mental anguish, pain and suffering from excessive force to surgically repaired shoulder.
3) $30,000 jointly and severally against defendants Kitchen, and Smith for the physical and emotional injury resulting from their failure to provide adequate medical care to the Plaintiff.

(E) Award punitive damages in the following amounts:
1) $10,000 each against the defendants Sheppard, Tedder, and Jefferson
2) $10,000 each against the defendants Kitchen, and Smith
3) $20,000 each against the defendants Bowden, and Reedze

(F) Grant such relief, or such other relief as it may appear that the Plaintiff is entitled.

Date: _____

Respectfully Submitted,
Ronald Bailey Thornton
~~[signature redacted]~~

Page 10 cont.