UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD BAILEY THORNTON,

        Plaintiff,

v.        Case No. 3:09-cv-1069-J-34HTS

OFFICER SHEPPARD, etc.;
et al.,

        Defendants.

## ORDER[1]

Plaintiff Ronald Bailey Thornton, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983 on October 27, 2009, pursuant to the mailbox rule. Plaintiff names eight Defendants in this action and raises a variety of claims concerning the conditions of his confinement over the course of an eight-month

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

period of time. In addition to the conditions of confinement claims, Plaintiff challenges alleged false disciplinary reports. As relief, he requests the expungement of the disciplinary convictions from his institutional record, the restoration of lost gain time and monetary damages for the physical pain and discomfort suffered as a result of the alleged excessive use of force.

Now, before this Court is Plaintiff's letter to the Court (Doc. #6), construed as a Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction, in which Plaintiff describes the Defendants' alleged deliberate indifference to his medical needs, resulting from the alleged September 18, 2009, excessive use of force by Defendant Tedder. Plaintiff also alleges that he has been assigned to confinement and requests to be released from that confinement. Further, Plaintiff filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. #8), in which he requests that this Court order the Defendants to provide him "a medically appropriate course of physical therapy . . . to restore and maintain the full function of his right arm" and to arrange an examination by the orthopedic specialist who performed the surgery on his right arm. In support of his motion, Plaintiff filed a Declaration (Doc. #9), in which he further sets forth facts concerning his alleged lack of proper medical treatment.

Upon review of the record, this Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not prepare a proper proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Plaintiff's requests for injunctive relief are due to be denied for the above-mentioned reasons.  However, even assuming arguendo that Plaintiff properly filed his motions for injunctive relief, the motions must be denied.  Plaintiff has failed to meet his burden of establishing that he has a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury,[2] that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest.  Therefore, for all of the above-stated reasons, Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction (Docs. #6, #8) will be denied.

Finally, Plaintiff has included civil rights claims as well as habeas corpus claims in his Complaint.  Any claims concerning his conditions of confinement and his request for monetary damages should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.  However, any claims challenging the disciplinary reports and resulting loss of gain time and his request for release from disciplinary confinement should be raised in a habeas corpus

---

[2] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).  Plaintiff has not alleged any facts that would lead this Court to believe that he is in imminent danger of irreparable injury.

petition pursuant to 28 U.S.C. § 2254. Therefore, this case will be dismissed without prejudice to Plaintiff's right to refile on the proper forms.

The Clerk of the Court will be ordered to send Plaintiff the proper forms for his future use. Plaintiff further must exhaust the state court remedies with regard to his habeas corpus claims and must exhaust his administrative grievance remedies with regard to his civil rights claims.

The filing fee for a habeas corpus case is $5.00, while the filing fee for a civil rights action is $350.00. Plaintiff may file an Affidavit of Indigency if he does not have adequate funds to pay the full filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction (Docs. #6, #8) are **DENIED.**

2. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile a civil rights complaint and/or habeas corpus petition on the proper forms.

3. The Clerk of the Court shall enter judgment **dismissing this case without prejudice**.

4. The Clerk of the Court shall send a civil rights complaint form, a habeas corpus petition form, and two (2) Affidavit of Indigency forms to Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December, 2009.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 11/25
c:
Ronald Bailey Thornton